---

(Hamilton Co., Court of Common Pleas.)
THE STATE OF OHIO v. JOHN C. WHETSTONE.

---

(1). Section 6841, of the Revised Statutes, applies only to persons who are charged by law with the performance of the duties therein mentioned. (State v. Myers, 56 Ohio St., 340).

(2). The secretary of the water works department of the city of Cincinnati is not within the provisions of section 6841, of the Revised Statutes of Ohio, and is not subject to indictment thereunder.

---

S. W. SMITH, J.

The indictment in this case charges that John C. Whetstone, the defendant, on or about the 1st day of May, 1897, in this county; being an officer, to-wit: Secretary of the water works department of the city of Cincinnati, duly appointed and acting under the board of administration of said city, and being charged as such officer with the collection, receipt, safe keeping, transfer and disbursement of public moneys, belonging to said city, did unlawfully and fraudulently embezzle and convert to his own use the sum of $19510.28 of said public money, which said money had come into his possession and custody by virtue of his said office, and in the discharge of the duties thereof, and that the defendant, John C. Whetstone by reason of the premises is guilty of the crime of embezzlement.

The defendant having pled not guilty, by leave of court such plea was withdrawn, and the defendant has filed a general demurrer that the facts set forth in the indictment do not constitute any offense as alleged under the laws of Ohio.

It is claimed by counsel for defendant, and is not denied by counsel for the state that this indictment is drawn under section 6841 as follows: "Whoever, being charged with the collection, receipt, safe keeping, transfer or disbursement of the public money * * * belonging to the state, or to any county, township, municipal corporation * * *, converts the same to his own use * * * shall be deemed guilty of embezzlement of so much of the money * * * thus converted." And the claim is made by counsel for the defendant that the secretary of the water works is not a person included in this section who is charged with the collection, receipt, safe keeping or disbursement of the public money, and the word "charged" as used in this section

means charged by law, and to sustain this proposition he cites the recent case of the State against Meyers, reported in 56 Ohio St., 340, and also a former opinion of Judge Cox in the case of the state of Ohio against Thomas E. Snellbaker, rendered in July, 1875.

The case of the State against Meyers was where an indictment had been found against a deputy county treasurer in this state. The indictment alleging that he was charged as such officer with the collection, receipt, safe keeping, transfer and disbursement of public money belonging to the county of Stark and the city of Canton, Ohio, and it was held by the supreme court in this case that a statute defining a crime or offense can not be extended by construction to persons or things not within its descriptive terms, however they may appear to be within the reason and spirit of the statute, and that this section 6841, of the Revised Statutes, applies only to persons who are charged by law with the performance of the duties therein mentioned, and a deputy county treasurer is not within its provisions or subject to indictment thereunder. It is necessary, therefore to determine in the light of this decision, whether or not the defendant, as secretary of the water works of the city of Cincinnati, was a person charged with the collection, receipt, safe keeping, transfer or disbursement of the public money belonging to the city of Cincinnati, and would come within the terms of section 6841, as defined in the case of the State against Meyers.

Section 6841 defines who is amenable under that statute, and the further limitation is put upon it by section 7299, which provides that any failure or refusal to pay over or to produce the public money or any part thereof by an officer or other person charged with the collection of such money, shall make a prima facie case of embezzlement against such individual, and the section further sets forth, that on the trial of any such person for such embezzlement, under section 6841, it shall be sufficient evidence against him to procure a transcript from the books of the auditor of state or auditor of the county, or the records of the commissioners of the county, and the refusal of any such officer or person to pay any draft or warrant drawn upon him by the proper officer for any public moneys in his hands or any refusal by any public officer to pay over to his successor any public money or securities, etc., shall be taken on the trial on the indictment against him as prima facie evidence of such embezzlement.

Our supreme court has declared in this case, and has defined that the persons who are subject to prosecution under section 6841 are only those who are charged by law with the performance of the duties or some of them therein mentioned, and

that there are persons and officers to whom all these provisions of this statute 6841 apply, and cites county treasurers, who are charged with the collection of public moneys, city treasurers, treasurers of state, and that both sections 6841 and 7299 apply to such public officers.

The court has found no provision of law by which the secretary of the water works is created such officer, and in passing, the court might say, that so far as the statutes are concerned, there is no office or officer created by law as secretary of the water works, but it is rather the name and title given by the board of administration, or at present, the board of city affairs, to a clerk of the water works department of the city, and nowhere is the secretary of the waterworks charged with the performance of any of the duties mentioned in section 6841. The board having charge of the municipal affairs of the city of Cincinnati appoints the secretary of the water works. He holds his appointment at the pleasure of the board, and the board may take a bond with sureties from the secretary of the water works for the faithful performance of the services required of him, and it would seem that a person holding such a position, is not a public officer, but a mere agent of the individual or the board appointing him; and as this question has been so recently decided in the case of the State of Ohio against Meyers, 56 Ohio St., 340, the reasoning in that case is on all fours and clearly applicable to the case at bar.

The prosecuting attorney, however claims that if section 6841 is not applicable, nevertheless, the indictment is broad enough to hold the defendant amenable under section 6842, which provides, "* * * An officer elected or appointed to an office of public trust or profit in this state, and the agent, clerk, servant or employe of such officer or of a board of such officers, who embezzles or converts to his own use anything of value that shall come into his possession by virtue of his office or employment, is guilty of embezzlement, and shall be punished as if for the larceny of the thing embezzled."

The court, however, can not agree with the counsel for the state upon this proposition, for the reason that the language of the indictment clearly shows that the indictment was drawn and the intention was to charge an offense under section 6841. To charge an offense under section 6842, the indictment does not follow the usual form of such indictment, and to regard it as drawn under section 6842, the indictment alleging that the defendant was an officer, to-wit: Secretary of the water works department, it would be necessary for the indictment to show under section 6842, that the office to which the defendant was elected or appointed is an office of public trust or

profit in the state of Ohio. If the office to which a person is elected or appointed is created by statute, and the duties of the incumbent of the office defined by statute, perhaps the mere statement in the indictment that the person indicted was such an officer, would be sufficient, as the court would take judicial notice of the statute creating the office, and defining the duties of the officer, and from these might determine whether the office was one of public trust or profit; but where the office to which the officer is appointed or elected is not created by statute, and his duties are not defined, then there is nothing for the court to take judicial notice of, and an indictment to be good under section 6842, as against the officer should allege that the office to which the defendant was appointed was an office of public trust or profit. It will be noticed that the indictment uses only the term "officer". It nowhere uses the word, agent, clerk, servant or employe. Therefore to extend the indictment, to bring it within the terms of section 6842, if the defendant is an officer, there should be the further allegation as to his election or appointment to an office of public trust or profit. It is therefore manifest that the averments of the indictment as drawn are not sufficient to come within the terms of section 6842, and no person can be made subject to a statute by implication. Only those persons and transactions are included in the penal laws which are within both their spirit and their letter, and all doubts in the interpretation of such statutes are to be resolved in favor of the accused; and as the court is of the opinion that the indictment is drawn under section 6841, that the defendant is not amenable under that section, and that the language of the indictment is not sufficient as drawn, to charge an offense against the defendant under section 6842, the demurrer of the defendant will be sustained.

See State v. Johnson, 53 Ohio St., 307.

John C. Schwartz, Prosecuting Attorney, Thomas Darby, Asst. Prosecuting Attorney, for the State.

Moses F. Wilson, Miller Outcalt, for Defendant.